UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALGERNON TOOLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00314-JRS-MJD |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Algernon Toole for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenges a prison disciplinary proceeding identified as Incident Report No. 3271478. The Court has considered the petition, the memorandum in law in support of petition, the response, and the reply in its ruling. *See* dkts. 1, 7, 9, and 16. For the reasons explained in this Entry, Mr. Toole's habeas petition must be **denied.**

**A. Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones*, 637 F.3d at 845 (same for federal inmates).

**B. Disciplinary Proceeding**

Mr. Toole is a federal inmate currently housed at Springfield Medical Center for Federal Prisoners (MCFP). His habeas petition relates to a disciplinary conviction he received while he was incarcerated at the Federal Correctional Institute in Terre Haute, Indiana (FCI-TH).

On June 24, 2019, Mr. Toole received an incident report in No. 3271478, charging him with a violation of offense code 108, possession of a hazardous tool, specifically a cell phone. Dkt. 9-1 at 16. Officer Nichols wrote:

> At approximately 1620 (4:20 pm) on Monday 06-24-2019, this officer (T. Nichols) observed inmate Toole, Algernon 08133-028 in possession of a cellular phone. Inmate Toole was setting in a chair by the door of his room (Room # 7) in S01. Inmate Toole had a black LG cellphone in his lap holding it with both and typing a message. The inmate handed the phone to this officer with his right hand. The officer ask for inmates' commissary card. The inmate pointed to his card which was hanging on his locker. The inmate complied without incident. The phone was a black LG cellphone with a Velcro strip on the back. Model # LGL 158UL, # 804UTDN0392138, TRACFONE WIRELESS, INC.

*Id.*

This matter proceeded to a disciplinary hearing in front of the DHO on July 12, 2019. *Id.* at 13. Mr. Toole admitted that he had the phone. *Id.* The DHO found Mr. Toole guilty after considering the incident report, the photographic evidence, and Mr. Toole's statement of admission. *Id.* The DHO noted that Mr. Toole did not defend the charge or make any statement toward a defense at the hearing and believed that if he had a defense, he "would have at the very least, provided a written statement for consideration." *Id.* at 14. The DHO sanctioned Mr. Toole to a deprivation of 41 days' good conduct time and 180 days' non-vested good conduct time, among other sanctions that did not involve Mr. Toole's custody. *Id.* The DHO's reasoning for each sanction stated:

> Possession of a cell phone is considered a hazardous tool in a correctional environment, as it can be used in an escape attempt or to serve as a means to

introduce contraband, circumvent inmate phone monitoring, and pass on illicit information. Inmates who circumvent the phone monitoring by using a cell phone, have been known to disrupt the safety and security of the institution, by arranging drug/contraband introductions, providing messages related to gang activity, and/or to extort money. The sanctions imposed by the DHO were taken to express the gravity of the infraction and let the inmate know that he, and he alone, will be held responsible for his actions at all times. Although not directly related to the infraction, privileges were taken to deter the inmate from this behavior in the future.

*Id.* at 15.

Mr. Toole appealed on September 11, 2019, and the Regional Director denied the appeal on September 30, 2019. *Id.* at 25-39. Mr. Toole's appeal of the Regional Director's decision was filed on November 26, 2019, and it was denied on January 21, 2020. *Id.* This habeas action followed.

### C. Analysis

Mr. Toole raises the following grounds to challenge his conviction: (1) the sanctions he received violated the Equal Protection Clause of the Fourteenth Amendment, and (2) his Eighth Amendment rights were violated because of the severity of sanctions he received. Dkt. 1 at 6-7.

#### 1. Equal Protection Claim

Mr. Toole argues that this was his first incident report in 12 years, that he has personally reviewed other inmates' incident reports, and that he has copies of "over 20 inmates who received lesser sentences and 20 inmates who received the sentences [he] received." Dkt. 1 at 7. The respondent argues that Mr. Toole's claim is not based upon being a member of a suspect class, and even proceeding on a "class of one" theory, this fails because "it challenges discretionary decision making and the discipline had a rational basis." Dkt. 9 at 5. But in his reply, Mr. Toole makes clear that "[a]lthough the respondent would have the Court believe that this is class of one, it is hardly that," and that he has provided a list of names of others sanctioned by the DHO—all of which were

for "greater severity incidents." Dkt. 16 at 1-2. Therefore, he concedes he does not raise this claim under a class of one theory.

Thus, to sufficiently raise an Equal Protection claim, Mr. Toole would have to "show that he was a member of a protected class and that he was treated differently from a similarly situated member of an unprotected class and that "the defendants were motivated by a discriminatory purpose." *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (internal quotation omitted); *see also Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000) (same).

Mr. Toole's claim fails because he does not make any of the necessary showings to state a plausible claim. He has not identified any membership of a protected class or that that he was treated different from similarly situated members of an unprotected class, and that the treatment was based upon some impermissible reason. Mr. Toole does not have a federal constitutional right to the same treatment as other prisoners. "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016).

Mr. Toole contends that some inmates received lesser sanctions and some received the same sanctions that he did—but that due to his exemplary conduct for many years he should not receive the same sanctions as others who have had prior rule violations. Dkt. 7 at 2. But this is not something that the Equal Protection Clause protects against. Rather, Mr. Toole seems to be arguing for *individualized treatment*, based on his own personal conduct record to warrant a lesser sanction.

Accordingly, Mr. Toole is not entitled to habeas relief on this ground.

### 2. Excessive Sanctions

Because Mr. Toole framed his arguments about the severity of his sanctions as an Eighth Amendment claim that implicates "cruel and unusual punishment," the respondent argues that an

4

Eighth Amendment claim fails because it is not cognizable in a habeas petition. Dkt. 9 at 7. But Mr. Toole's arguments are more properly construed relating to the severity of the sanctions he received, namely, that the loss of 221 total days is an excessive punishment for "a single rule violation." Dkt. 16 at 4. For example, there was no progressive discipline utilized, and his sanctions are more than five times the amount others have received. Dkt. 7 at 3. Specifically, he states that the good time deprivation for a violation of code 108 is typically deprivation of 41 days and not the total days he was penalized. *Id.* His claims related to excessive punishment he received fail because his sanctions did not exceed that allowed by BOP regulations. The Regional Administrative Appeal Response explained that Program Statement 5270.09, the Inmate Discipline Program, allotted for "sanctions for the greatest severity level prohibited acts [which] included forfeit [of] non-vested good conduct time (up to 100%)" regardless of whether or not it is the inmate's first offense. Dkt. 9-1 at 33. Even in Mr. Toole's appeal to the Central Office, he himself concedes that "the punishment was within policy" but was a violation due to the "difference of treatment of a certain class of inmate[.]" Dkt. 9-1 at 32. But Mr. Toole's Equal Protection claim did not grant him an avenue for relief, and neither does this subsequent ground.

### 3. Multiple Punishments

In his reply, Mr. Toole seeks relief on grounds that the facility was "seeking an outside prosecution at the same time they were processing the incident report[.]" Dkt. 16 at 6. To the extent Mr. Toole argues the prison staff violated its own policies, this is not a basis for habeas relief. To the extent he argues that the prison staff violated his protection against double jeopardy, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004). Although the double jeopardy clause prohibits multiple "punishments" for the same offense, "[p]rison discipline . . . does not constitute 'punishment' . . .

for double jeopardy purposes." *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994)). Regardless, it is beyond dispute that Mr. Toole was punished only once for possessing the cell phone. Ultimately, criminal prosecution, docket 9-1 at 18, was declined.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Toole to the relief he seeks.

Accordingly, Mr. Toole's petition for a writ of habeas corpus must be **denied and the action dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   5/11/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALGERNON TOOLE
08133-028
SPRINGFIELD - MCFP
SPRINGFIELD MEDICAL CENTER/FEDERAL PRISONERS
Inmate Mail/Parcels
P.O. BOX 4000
SPRINGFIELD, MO 65801

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov